# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STEVEN WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 17 C 2525 |
| v. ) | |
| ) | Judge Sara L. Ellis |
| THE CITY OF CHICAGO, a municipal ) | |
| corporation; OFFICER B.M. COX, ) | |
| individually and as an agent of ) | |
| the CITY OF CHICAGO; OFFICER R.R. ) | |
| PRUGER, individually and as an ) | |
| agent of the CITY OF CHICAGO; ) | |
| UNKNOWN CHICAGO POLICE OFFICERS; ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Plaintiff Steven Wilson alleges that members of the City of Chicago's ("the City") Police Department wrongly beat, arrested, and detained him after he chased vandals in his neighborhood. He brings a four-count complaint under 42 U.S.C. § 1983 against Defendants Officer B.M. Cox, Officer R.R. Pruger, and other Unknown Police Officers. Before the Court are partial motions to dismiss by Officers Cox and Pruger [21] and by the City of Chicago [23]. Because Wilson alleges Officers Cox and Pruger committed malicious prosecution in violation of Wilson's Fourteenth Amendment rights, the Court grants Officers Pruger and Cox's motion to dismiss Count IV without prejudice to amending and pleading a Fourth Amendment claim that conforms with Supreme Court law. And because Wilson fails to allege any policy, custom, or practice with specificity, the Court grants the City's motion to dismiss Count II without prejudice.

1

# BACKGROUND[1]

The morning of April 7, 2015, Wilson heard a familiar sound near his apartment. At least five times already, someone had smashed out the windows of his truck. When he heard the sound of breaking glass again, he ran to his truck to attempt to catch the people who were vandalizing his vehicle.

Wilson got in his truck and began pursuing the vandals, who fled in a truck of their own. Wilson called 9-1-1, telling the police about the broken windows and informing them that he was following the individuals he believed were responsible. The police arrived, setting up a blockade to stop the vandals' truck. Wilson pulled up behind the vandals to pin them in. He then got out of his truck to stop them from running away.

But when Wilson stepped out of his vehicle, Officer Pruger, Officer Cox, and unknown police officers punched Wilson in the back of his head and tackled him to the ground. They struck him in the head approximately five or six times despite Wilson pleading with them to stop attacking him. Unknown police officers informed Wilson that he would be "going down" because he "swung on an officer." Doc. 1 ¶ 28. Wilson requested to receive treatment at the scene but someone told him that if he took a ride in an ambulance, he'd regret it, threatening him to keep his mouth shut. Officers Pruger and Cox put Wilson in the back of a squad car and drove him to the police station.

At the police station, Wilson attempted to explain that he was a victim, but someone, either a police supervisor or captain, cursed at Wilson to be silent. Wilson asked to make a call

---

[1] The facts in the background section are taken from Wilson's complaint and are presumed true for the purpose of resolving Defendants' motions to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007).

to get medication that he needed, and unknown police officers told Wilson that they would put him in a cell with the vandals.

Eventually, Wilson was placed in a cell directly next to the vandals, who began taunting him. He had a panic attack and urinated on himself. He also realized he was bleeding from his head. He also witnessed multiple police officers re-writing their reports of the incident while laughing and ridiculing him.

Wilson was charged with aggravated assault, disregarding a stop sign, going the wrong way on a one-way street, improper traffic lane usage, reckless driving and driving 15–20 mph above the speed limit. Those charges were dismissed in September 2016.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

**I.       The City's Motion to Dismiss Count II (*Monell* Claim)**

In Count II, Wilson alleges that the City had in effect policies, customs, or practices that condoned, fostered, and drove the unconstitutional conduct of Officers Pruger and Cox and other unknown Chicago police officers, pursuant to *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). The City argues that the Court should dismiss Count II because it contains nothing more than generic broad statements and does not lay out any factual allegations supporting a *Monell* claim.

Liability under *Monell* may be premised on (1) an express policy that, when enforced, causes a constitutional violation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) a constitutional injury caused by a person with final policymaking authority. *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000). A plaintiff cannot rely on simply reciting the elements of *Monell* liability and must provide some facts to support his claim. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) ("McCauley was required to 'plead[ ] factual content that allows the court to draw the reasonable inference" that the City maintained a policy, custom, or practice of intentional discrimination against a class of persons to which Mersaides belonged. He did not meet this burden." (citations omitted) (alteration in original)).

Wilson alleges that the City's "failure to train" and "failure to supervise" were the policies, customs, or practices that led to his injury. But he provides nothing but conclusory allegations of the existence of these alleged failures to train and supervise. He fails to plead any facts demonstrating a failure to train or supervise, how a failure to train or supervise created the circumstances in which the officers were able to violate his civil rights, or that anyone else

4

suffered from a similar lack of training or supervision. His allegations are too thin to sufficiently plead a *Monell* claim. *See id.* at 618 (finding allegations of "a custom, practice and policy," without more, insufficient to state a *Monell* claim); *Mikolon v. City of Chicago*, No. 14 C 1852, 2014 WL 7005257, at *4 (N.D. Ill. Dec. 11, 2014) (dismissing similar *Monell* claim as "only boilerplate conclusions, not well-pleaded facts"); *Armour v. Country Club Hills*, No. 11 C 5029, 2014 WL 63850, at *7 (N.D. Ill. Jan. 8, 2014) (dismissing similar *Monell* claim). The Court therefore grants the City's motion to dismiss and dismisses Count II without prejudice.

## II. Officer Cox and Pruger's Motion to Dismiss Count IV (Malicious Prosecution)

In Count IV, Wilson brings a claim of malicious prosecution under the Fourteenth Amendment, alleging they falsely charged him and created evidence and false reports that supported the charges. Officers Cox and Pruger move to dismiss Wilson's malicious prosecution claim because he alleges that they violated his Fourteenth Amendment rights instead of Fourth Amendment rights.

For years in this circuit, federal malicious prosecution claims in Illinois were typically improper. *See, e.g.*, *Ray v. City of Chicago*, 629 F.3d 660, 664 (7th Cir. 2011) (noting federal malicious prosecution claim could not be brought in Illinois, where state law provided a way to pursue such a claim). But the Supreme Court held this year that plaintiffs may now plead Fourth Amendment claims for relief for post-legal-process detention. *See Manuel v. City of Joliet*, --- U.S. ----, 137 S. Ct. 911, 919, 197 L. Ed. 2d 312 (2017). Since then, courts have begun delineating the type of Fourth Amendment claim allowed after *Manuel*. *See Blocker v. City of Chicago*, No. 17 CV 00055, 2017 WL 3278323, at *4 (N.D. Ill. Aug. 2, 2017) ("[A]t a minimum, I assume that prolonged pretrial detention without probable cause (including a judicial finding of probable cause based solely on false evidence supplied by police officers), violates the Fourth Amendment."); *Walker v. White*, No. 16 CV 7024, 2017 WL 2653078, at *5 (N.D. Ill.

June 20, 2017) ("Walker pled his claim under malicious prosecution, which is not entirely consistent with *Manuel*. Therefore his federal malicious prosecution claim is dismissed, but he has leave to replead a Fourth Amendment claim consistent with *Manuel*."); *Jackson v. City of Peoria*, No. 416CV01054SLDJEH, 2017 WL 1224526, at *9 (C.D. Ill. Mar. 31, 2017) ("[A] plaintiff in the Seventh Circuit can likely allege a Fourth Amendment malicious prosecution/post-arrest pretrial detention claim if defendant (1) caused (2) a prolonged seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor[.]"). Wilson alleges that the individual Defendants "maliciously prosecut[ed]" Wilson "in violation of his rights under the Fourteenth Amendment" giving him the right "to be free from malicious prosecution" and the right to "due process of law." Doc. 1 ¶ 75. While he states in his opposition that he pleads a prolonged deprivation through the false reports and charges, that does not match his allegations or his reliance on the Fourteenth Amendment in his complaint. As pleaded, Wilson's claim is not the type of claim allowed by *Manuel*, so the Court grants Officers Cox and Pruger's motion to dismiss and dismisses Count IV without prejudice. Wilson has leave to plead a Fourth Amendment claim in line with *Manuel*, which he says he can do.

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' motions to dismiss [21, 23]. The Court dismisses Count II and Count IV without prejudice. The Court allows Wilson to file an amended complaint consistent with this Opinion by November 17, 2017.

Dated: October 18, 2017

SARA L. ELLIS
United States District Judge