IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Court No.: 17 CV 02525 |
| | ) | |
| THE CITY OF CHICAGO, a Municipal Corporation; OFFICER B.M. COX, individually and as agent of the CITY OF CHICAGO; OFFICER R.R. PRUGER, individually and as agent of the CITY OF CHICAGO; UNKNOWN CHICAGO POLICE OFFICERS; | ) ) ) ) ) ) ) | **PLAINTIFF DEMANDS A TRIAL BY JURY** |
| | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiff, STEVEN WILSON, (hereinafter referred to as, "Plaintiff WILSON"), by and through his attorneys, ROMANUCCI & BLANDIN, LLC; and complaining against Defendants CITY OF CHICAGO, a Municipal Corporation; OFFICER B.M. COX, individually and as agent of the CITY OF CHICAGO; OFFICER R.R. PRUGER, individually and as agent of the CITY OF CHICAGO; and UNKNOWN CHICAGO POLICE OFFICERS 1-2, individually, pleading hypothetically and in the alternative, states as follows:

### JURY DEMAND

1. The Plaintiff hereby demands a trial by jury.

### NATURE OF ACTION

2. This cause of action arises out of the assault, battery, harassment, malicious prosecution, wrongful arrest, and other unlawful treatment of Plaintiff STEVEN WILSON, caused by Defendants CITY OF CHICAGO, OFFICER B.M. COX, OFFICER R.R PRUGER, and UNKNOWN CHICAGO POLICE OFFICERS on or about April 7, 2015, at or near the

intersection of S. Kedzie Avenue and Ogden Avenue in the City of Chicago, County of Cook, Illinois.

3. This cause of action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of state law of Plaintiff STEVE WILSON's rights as secured by the United States Constitution.

4. This cause of action is for money damages brought pursuant to 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution against Defendants OFFICER B.M. COX, OFFICER R.R PRUGER, and UNKNOWN CHICAGO POLICE OFFICERS, in their individual capacity, and the CITY OF CHICAGO.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over federal questions pursuant to 28 U.S.C. §1331 and redressing violations of civil rights pursuant to 28 U.S.C. §1343, as well as supplemental jurisdiction over Illinois state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in this Court under 28 U.S.C. §1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the Northern District of Illinois. Moreover, upon information and belief, all of the parties reside in this Judicial District.

## THE PARTIES

7. Defendant, CITY OF CHICAGO, is a municipal corporation organized under the laws of the State of Illinois.

8. On and before April 7, 2015, and at all relevant times hereto, the Defendant, CITY OF CHICAGO, a municipal corporation, maintained, as a division of said municipal corporation, a certain police department, commonly referred to as the Chicago Police Department.

9. On and before April 7, 2015, and at all relevant times hereto, Defendant Officers B.M COX and R.R. PRUGER were Chicago Police Officers employed by the Defendant CITY OF CHICAGO Police Department.

10. On and before April 7, 2015, and at all relevant times hereto, Defendants UKNOWN CHICAGO POLICE OFFICERS were Chicago Police Officers employed by the Defendant CITY OF CHICAGO Police Department.

11. On and before April 7, 2015, and at all relevant times hereto, when Defendant UNKNOWN CHICAGO POLICE OFFICERS were engaging in the complained of conduct, they were acting under color of law and in the course of their employment as Chicago Police Officers.

12. At all relevant times, Plaintiff WILSON was a citizen of the United States and a resident of Chicago, Cook County, Illinois.

## FACTS APPLICABLE TO ALL COUNTS

**A. The Incident**

13. On and before April 7, 2015, Plaintiff WILSON owned a 1995 GMC Yukon with an Indiana license plate (hereinafter referred to as "Plaintiff WILSON's vehicle").

14. Prior to April 7, 2015, the windows of Plaintiff WILSON's vehicle had been smashed out more than 5 times by individuals now believed to be involved in the "Latin Kings," a nefarious gang operating out of Chicago.

15. Prior to April 7, 2015, Plaintiff WILSON had insufficient knowledge as to who continued to vandalize his vehicle.

16. On April 7, 2015 at or around 10:30 a.m., Plaintiff WILSON was at his apartment, located at 2445 S. Keeler Avenue in Chicago, Cook County, Illinois.

17. On April 7, 2015 at or around 10:30 a.m., while at his apartment, Plaintiff WILSON heard the sound of smashing windows and ran out of his apartment in an attempt to catch the individuals repeatedly vandalizing his vehicle.

18. On April 7, 2015 at or around 10:30 a.m., the vandals had fled in a 2000 Chevrolet Blazer, driven by Jose M. Diaz of Chicago, Illinois.

19. On April 7, 2015 at or around 10:30 a.m., Plaintiff WILSON entered his vehicle and began to follow the vandals in an attempt to retrieve the vehicle's license plate number and called the 9-1-1 emergency line.

20. On April 7, 2015 at or around 10:30 a.m., Plaintiff WILSON informed agents and/or employees of the Chicago Police Department that his car had been vandalized and he was following the individuals responsible for the vandalism.

21. On April 7, 2015 at or around 10:30 a.m., near the intersection of S. Kedzie Avenue and Ogden Avenue in Chicago, Illinois, Plaintiff WILSON was behind the 2000 Chevrolet Blazer as they neared a small blockade the police had formed with their vehicles to stop them from advancing.

22. On April 7, 2015 at or around 10:30 a.m., near the intersection of S. Kedzie Avenue and Ogden Avenue in Chicago, Illinois, Plaintiff WILSON stayed behind the 2000 Chevrolet Blazer as they neared the small blockade and in effect stopped the vehicle from retreating.

23. On April 7, 2015 at or around 10:30 a.m., near the intersection of S. Kedzie Avenue and Ogden Avenue in Chicago, Illinois, the vandals reversed their vehicle into Plaintiff WILSON's vehicle in an attempt to escape, but were unsuccessful.

24. On April 7, 2015 at or around 10:30 a.m., near the intersection of S. Kedzie Avenue and Ogden Avenue in Chicago, Illinois, the Chicago Police Department maintained a building just blocks away from where this incident took place.

25. On April 7, 2015 at or around 10:30 a.m., near the intersection of S. Kedzie Avenue and Ogden Avenue in Chicago, Illinois, Plaintiff WILSON stepped out of his vehicle to try to stop the vandals from escaping in their vehicle or on foot.

26. On April 7, 2015 at or around 11 a.m., near the intersection of S. Kedzie Avenue and Ogden Avenue in Chicago, Illinois, upon stepping out of his vehicle, Plaintiff WILSON was punched in the back of his head and tackled to the ground by Defendant R.R. PRUGER and Defendant UNKNOWN CHICAGO POLICE OFFICERS, including Defendant B.M. COX.

27. On April 7, 2015 at or around 11 a.m., near the intersection of S. Kedzie Avenue and Ogden Avenue in Chicago, Illinois, Plaintiff WILSON was punched in the head approximately five or six times by Defendants PRUGER, COX, and UNKNOWN CHICAGO POLICE OFFICERS, even after informing and pleading with Defendants PRUGER, COX, and UNKNOWN CHICAGO POLICE OFFICERS to refrain from striking him due to a spinal cord injury he had suffered just seven months prior, which required numerous vertebrae to be replaced.

28. On April 7, 2015 at or around 11 a.m., near the intersection of S. Kedzie Avenue and Ogden Avenue in Chicago, Illinois, Defendant UNKNOWN CHICAGO POLICE OFFICERS informed Plaintiff WILSON he would be "going down" because he "swung on [an officer]."

29. On April 7, 2015 at or around 11 a.m., near the intersection of S Kedzie Avenue and Ogden Avenue in Chicago, Illinois, Plaintiff WILSON was placed in the back of a squad car by Defendants PRUGER and COX and taken a few blocks down to the Chicago Police Department station located at 3315 Ogden Avenue, Chicago, IL 60623.

30. On April 7, 2015 at or around 11 a.m., near the intersection of S. Kedzie Avenue and Ogden Avenue in Chicago, Illinois, Plaintiff WILSON asked to receive treatment from EMS at the scene, but Defendant UNKNOWN CHICAGO POLICE OFFICER told Plaintiff WILSON, "You take a ride in the ambulance, you're going to fuckin' regret it. You shut your mouth."

31. After receiving said threats, Plaintiff was terrified and did not feel safe or comfortable accepting medical care.

32. On April 7, 2015 at or around 11 a.m., at the Chicago Police Department station, Plaintiff WILSON tried explaining that he had been victimized and hurt, but the Police supervisor or Police captain told him, "…You shut your fuckin' mouth," and to "Shut the fuck up."

33. On April 7, 2015 at or around 11 a.m., at the Chicago Police Department station, when Plaintiff WILSON asked if he could make a call to get his nerve medication for the vertebrae replacement in his neck, Defendant UNKNOWN CHICAGO POLICE OFFICERS told Plaintiff WILSON, "I'm going to put you in the cell with those gang members [that Plaintiff WILSON had followed earlier]."

34. On April 7, 2015 at or around 11 a.m., at the Chicago Police Department station, Plaintiff WILSON was placed in a cell directly next to the vandals, despite the fact that the rest of the cells in the room were open.

35. On April 7, 2015 at or around 11 a.m., at the Chicago Police Department station, the vandals began taunting Plaintiff WILSON and he proceeded to have a panic attack, urinate on himself, and then noticed his head was substantially bleeding from Defendants PRUGER, COX, and UNKNOWN CHICAGO POLICE OFFICERS' repeated strikes.

36. On April 7, 2015 at or around 11 a.m., at the Chicago Police Department station, Plaintiff WILSON witnessed multiple Defendant UNKNOWN CHICAGO POLICE OFFICERS re-writing their reports of the incident, while they laughed at and ridiculed him.

37. As a result of the incident, Plaintiff WILSON was maliciously charged with aggravated assault, disregarding a stop sign, going the wrong way on a one-way street, improper traffic lane usage, reckless driving, and driving 15-20 mph above the speed limit.

38. In September of 2016, all charges against Plaintiff WILSON were dismissed.

### COUNT 1 – 42 U.S.C. §1983 – Excessive Force
(*Steven Wilson v. Defendants Pruger, Cox, and Unknown Chicago Police Officers*)

39. Plaintiff incorporates and re-alleges all preceding paragraphs as though fully plead herein.

40. The aforementioned conduct of Defendants PRUGER, COX, and UNKNOWN CHICAGO POLICE OFFICERS constituted excessive force in violation of the United States Constitution.

41. At all material times, Defendants PRUGER, COX, and UNKNOWN CHICAGO POLICE OFFICERS were acting under color of state law as agent and employee of Defendant CITY OF CHICAGO.

42. At all material times, Defendants PRUGER, COX, and UNKNOWN CHICAGO POLICE OFFICERS were wearing their official department uniforms and were acting in

the course and scope of their duties as a Chicago Police Officers at the time that they physically assaulted Plaintiff WILSON.

43. At all material times, Defendants PRUGER, COX, and UNKNOWN CHICAGO POLICE OFFICERS had no reason to believe that Plaintiff was armed or dangerous, as he was the one who had called the Chicago Police Department to report the crime committed against him.

44. At all material times, Defendants PRUGER, COX, and UNKNOWN CHICAGO POLICE OFFICERS did not have a reasonable fear of imminent bodily harm when they physically assaulted Plaintiff nor did Defendants PRUGER, COX, and UNKNOWN CHICAGO POLICE OFFICERS have a reasonable belief that any other person was in danger of imminent bodily danger from Plaintiff WILSON.

45. The aforementioned conduct of Defendants PRUGER, COX, and UNKNOWN CHICAGO POLICE OFFICERS in striking Plaintiff WILSON repeatedly in the back of the head was objectively unreasonable.

46. As a result of Defendants PRUGER, COX, and UNKNOWN CHICAGO POLICE OFFICERS' unjustified and excessive use of force, Plaintiff WILSON experienced conscious pain and suffering.

47. As a result of Defendants PRUGER, COX, and UNKNOWN CHICAGO POLICE OFFICERS' unjustified and excessive use of force, Plaintiff WILSON was forced to incur medical bills, undergo medical treatment, suffered lost wages, psychological damage, and pain and suffering.

WHEREFORE Plaintiff WILSON demands judgment against Defendant Defendants PRUGER, COX, and UNKNOWN CHICAGO POLICE OFFICERS for damages, costs,

disbursements, attorney's fees, interests, and for any further relief that this Court deems fair and just.

### COUNT 2 - 42 U.S.C. §1983 – False Arrest
(*Steven Wilson v. Pruger, Cox, and Unknown Chicago Police Officers*)

48. Plaintiff incorporates and re-alleges all preceding paragraphs as though set forth fully herein.

49. At all relevant times, Defendants PRUGER, COX, and UNKNOWN CHICAGO POLICE OFFICERS, were acting under the color of state law and pursuant to their duties as Chicago Police Officers.

50. At all relevant times, Defendants PRUGER, COX, and UNKNOWN CHICAGO POLICE OFFICERS were acting within the scope of their employment as Police Officers for the City of Chicago.

51. Defendants PRUGER, COX, and UNKNOWN CHICAGO POLICE OFFICERS violated Plaintiff WILSON's Constitutional rights by arresting him for crimes and offenses without probable cause, including seven traffic infractions and aggravated assault of a peace officer.

52. As described in the preceding paragraphs, the conduct of the Defendants PRUGER, COX, and UNKNOWN CHICAGO POLICE OFFICERS, acting under the color of state law, constituted an unlawful arrest of the Plaintiff WILSON in violation of the United States Constitution.

53. The actions of Defendants PRUGER, COX, and UNKNOWN CHICAGO POLICE OFFICERS were objectively unreasonable and were undertaken intentionally with willful indifference to Plaintiff WILSON's constitutional rights.

54. The actions of Defendants PRUGER, COX, and UNKNOWN CHICAGO POLICE OFFICERS would not be considered reasonable by a reasonably competent police officer in the circumstances presented at the time that Defendants PRUGER, COX, and UNKNOWN CHICAGO POLICE OFFICERS unlawfully arrested Plaintiff WILSON.

55. As a direct and proximate result of Defendants PRUGER, COX, and UNKNOWN CHICAGO POLICE OFFICER's unlawful arrest, Plaintiff WILSON was deprived of his liberty and suffered damages, including physical, emotional and psychological injuries.

56. As a result of Defendants PRUGER, COX, and UNKNOWN CHICAGO POLICE OFFICERS' conduct, Plaintiff WILSON is entitled to recover all damages allowable for violation of 42 U.S.C. §1983 including compensatory damages, all costs incurred in prosecuting this action, and attorney's fees pursuant to 42 U.S.C. §1988.

57. Plaintiff is also seeking punitive damages against Defendants PRUGER, COX, and UNKNOWN CHICAGO POLICE OFFICERS because the conduct set forth above constitutes deliberate indifference, willful conduct, and intentional conduct towards the public in general and specifically Plaintiff WILSON and this conduct caused substantial physical and emotional injuries.

WHEREFORE, Plaintiff WILSON demands judgment against Defend Defendants PRUGER, COX, and UNKNOWN CHICAGO POLICE OFFICERS for damages, costs, disbursements, attorney's fees, interests, and for any further relief that this Court deems fair and just.

Respectfully Submitted,

ROMANUCCI & BLANDIN

By: ___/s Bhavani Raveendran_____
Attorney for Plaintiffs

Bhavani Raveendran
**ROMANUCCI & BLANDIN**
321 North Clark St., Suite 900
Chicago, Illinois 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
Email: braveendran@rblaw.net
ARDC No.:6309968